# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH RASHAAD BAKER**,

      Plaintiff,

    **v.**                          **Case No. 19-CV-1305**

**JESSICA BERGMANN, et al.,**

      Defendants.

---

## ORDER

---

On July 29, 2020, the court ordered plaintiff Joseph Rashaad Baker to provide an updated address with the Clerk of Court. (ECF No. 32.) The court warned Baker that if he failed to update his address by August 27, 2020, the court would assume he no longer wishes to pursue his claims and will dismiss the case. (*Id.*) The deadline has passed, and Baker still has yet to update his address with the court.

The defendants moved for summary judgment on the merits on May 7, 2020. (ECF No. 21.) Baker, instead of responding to the motion for summary judgment, filed a motion to compel, complaining that the defendants failed to respond to his discovery requests. (ECF No. 28.) The court scheduled a hearing on Baker's motion to compel, but when the court's clerk attempted to notify Baker of the hearing, the notice came back undeliverable.

Ultimately, by not updating his address, Baker signaled he no longer wishes to pursue his claims, which includes failing to respond to the defendants' motion for

summary judgment. As such, the court will construe the motion as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment. Accordingly, their motion will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

2

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

Case 2:19-cv-01305-WED   Filed 09/08/20   Page 3 of 3   Document 35